IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,<br><br>Defendant. | Civil Action No. 3:20-cv-00295 |

## COMPLAINT

Plaintiff Schlumberger Technology Corporation (Schlumberger) sues Defendant the United States Department of Labor, Occupational Safety and Health Administration (OSHA), seeking injunctive and other appropriate relief under the Freedom of Information Act and stating as follows:

### INTRODUCTION

1. Schlumberger is a defendant in a lawsuit pending in the Texas state district court in Galveston County related to a workplace accident in Galveston, which was the subject of an OSHA investigation. *See Kenneth Ellis et al. v. Schlumberger Limited et al.*, No. 18-CV-1448 (122nd District Court, Galveston County, Texas).

2. During discovery, Schlumberger deposed Stephen Pereyra, a witness to the accident. He testified that he made a statement to OSHA during its investigation and that the OSHA investigator, or Compliance Health and Safety Officer (CHSO), recorded his statement in addition to taking written notes.

3. Schlumberger requested OSHA's records regarding the accident through FOIA, but OSHA withheld the disputed records, which consist of (1) a four-page employee statement, (2) two pages of CHSO notes, and (3) recordings.

4. OSHA did not acknowledge the existence of the recordings, much less explain its basis for withholding them. The FOIA exemptions on which OSHA relied for withholding the other disputed records are inapplicable.

5. Schlumberger filed an administrative appeal. OSHA did not make a determination with respect to the appeal within the time provided by statute and has not made a determination as of the date of this filing.

## PARTIES

6. Plaintiff Schlumberger Technology Corporation is an oilfield services company headquartered in Sugar Land, Texas.

7. Defendant United States Department of Labor, Occupational Safety and Health Administration is a federal agency subject to the Freedom of Information Act under 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

8. The Court has personal and subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B). The Court also has federal question jurisdiction under 28 U.S.C. § 1331 because Schlumberger's claims arise under FOIA.

9. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because the agency records are situated in the Southern District of Texas and is also proper under both 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Schlumberger resides in the Southern District of Texas and no real property is involved in this action.

**FACTUAL BACKGROUND**

10. On June 23, 2020, Schlumberger submitted a FOIA request to OSHA through its counsel, Winston & Strawn LLP (Winston), seeking "information in the possession of the Occupational Safety & Health Administration related to" OSHA's investigation of a workplace accident that occurred in Galveston, Texas. The request identified the investigation by inspection number, report ID, open date, and NAICS number.

11. More specifically, Schlumberger's request sought "all materials relating to interviews or statements provided by Stephen Pereyra, Kenneth Ellis, and Kevin Ellis including, but not limited to, video recordings, voice recordings, written statements, and notes."

12. Schlumberger's request also sought "all materials provided to OSHA on behalf of Impact Waste, LLC including (1) all communications between OSHA and Brian Pleasants; (2) safety training records for Kenneth Ellis; (3) safety training records for Stephen Pereyra; (4) Kenneth Ellis's resume; (5) and any written safety and health programs used by Impact Waste, LLC."

13. On July 16, 2020, following an inquiry from OSHA's Houston South Area Office FOIA Coordinator, Winston confirmed that the request was made on behalf of Schlumberger and agreed that Schlumberger would pay OSHA's minimum processing fee of $25.

14. On July 29, 2020, OSHA officially acknowledged its receipt of Schlumberger's FOIA request, assigning it Request Number 20-152. It stated that the processing fee would be $50. Schlumberger agreed to the fee the same day.

15. On July 30, 2020, OSHA produced a 136-page PDF of redacted records responsive to Schlumberger's request. The PDF included placeholders noting the deletion of two pages of CSHO notes and a four-page employee statement.

16. Although Mr. Pereyra informed Schlumberger that an OSHA investigator had recorded his statement, OSHA's production did not include any recordings or disclose that any recordings had been withheld. Thus, on information and belief, OSHA failed to conduct a reasonable search in response to Schlumberger's specific request for video and voice recordings.

17. OSHA invoked FOIA Exemption 5 as its basis for withholding the CSHO notes in their entirety. It invoked Exemptions 7C and 7D as its basis for withholding the employee statement in its entirety. It did not acknowledge the existence of recordings or offer any explanation for withholding them.

18. Schlumberger appealed on August 14, 2020, noting that Mr. Pereyra's testimony indicated OSHA had recordings that were responsive to Schlumberger's request and for which OSHA had not claimed an exemption. The appeal also disputed the applicability of Exemption 5 to the two pages of CSHO notes that were withheld in their entirety and the applicability of Exemptions 7C and 7D to the four-page employee statement that was withheld in its entirety.

19. On August 18, 2020, OSHA acknowledged receipt of the appeal and assigned it Appeal Reference Number 200170.

20. On September 14, 2020, Schlumberger's counsel called OSHA's Houston South Area Office to discuss the FOIA request because counsel understood that office had control over the disputed records. Later that day, Schlumberger sent a formal letter to the office outlining its position that the office had the authority and obligation to disclose the CSHO notes and employee statement.

21. On September 15, 2020, the Area Director for the Houston South Area Office left a voicemail for Schlumberger's counsel at Winston. The next day, the Area Director responded to Schlumberger's letter in writing, stating that he did not believe he had authority to produce the

disputed records. His letter took the position that the disputed records could only be addressed through the appeals process that Schlumberger had already initiated.

22. The statutory period of twenty business days for OSHA's determination with respect to Schlumberger's appeal has expired. *See* 5 U.S.C. § 552(a)(6)(A)(ii). As of the date of this filing, OSHA still has not made a determination with respect to the appeal. Accordingly, Schlumberger has exhausted its administrative remedies.

## CAUSES OF ACTION

23. The above paragraphs are incorporated by reference.

24. OSHA's failure to make a reasonable search for records responsive to Schlumberger's request for video and voice recordings violates FOIA, 5 U.S.C. § 552(a)(3)(C).

25. OSHA's failure to produce the disputed records, which are responsive and non-exempt, violates FOIA, 5 U.S.C. § 552(a)(3)(A).

26. OSHA's failure to make a determination with respect to Schlumberger's administrative appeal within twenty business days violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays the Court to:

a. Order Defendant to conduct a supplemental search for responsive recordings;

b. Order Defendant to produce the disputed records, consisting of (1) a four-page employee statement, (2) two pages of CHSO notes, and (3) any responsive recordings;

c. Award Plaintiff reasonable attorneys' fees and costs; and

d. Order such other relief as the Court deems just and equitable.

Dated: September 23, 2020　　　　　　　Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/ Denise Scofield*　　　　　　　
Denise Scofield
Attorney-in-Charge
Texas Bar No. 00784934
S.D. Tex. ID No. 1529
dscofield@winston.com
Brandon W. Duke
Texas Bar No. 240994476
S.D. Tex. ID No. 2857734
bduke@winston.com
800 Capitol Street, Suite 2400
Houston, TX 77002
Tel. (713) 651-2600
Fax (713) 651-2700

*Counsel for Plaintiff,*
*Schlumberger Technology Corporation*