**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-cv-00295 |
| v. | § § | |
| UNITED STATES DEPARTMENT OF LABOR, OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION | § § § | |
| Defendant. | § § § | |

## <u>ANSWER</u>

The United States Department of the Labor, by and through undersigned counsel, responds as follows to the allegations in Plaintiff's Complaint:

The Introduction constitutes Plaintiff's characterization of its case, and several conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendant denies that that Plaintiff is entitled to any relief whatsoever.

## INTRODUCTION

1.     Paragraph 1 contains Plaintiff's characterization of a separate lawsuit, which requires no response. To the extent that Paragraph 1 could be interpreted as containing any allegations of fact, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this Paragraph.

2.     Paragraph 2 contains Plaintiff's characterization of a deposition of a witness in a separate lawsuit, which requires no response. To the extent that Paragraph 2 could be interpreted as containing allegations of fact, Defendant lacks knowledge or information sufficient to form a

belief about the truth of whether the Plaintiff deposed Stephen Pereyra and any statements made by Mr. Pereyra during that deposition.

3.      Defendant admits that the Plaintiff requested OSHA records through a Freedom of Information Act ("FOIA") request but states that the request and OSHA's response speak for themselves. Any allegations contrary to their plain language and meaning are denied.  Defendant denies any remaining allegations contained in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4 to the extent that they presume the existence of recordings. The remainder of the Paragraph consists of legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations.

5.      The allegations in Paragraph 5 describe documents and actions in an administrative proceeding, which speak for themselves and offer the best evidence of their contents. Any allegation contrary to their plain language and meaning are denied. To the extent a further response to the allegations in this Paragraph is deemed required, they are denied. Defendant admits that it did not reach a decision with regard to Plaintiff's appeal.

**PARTIES**

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in this Paragraph 6.

7.      Defendant admits that it is a federal agency. The remaining allegations of Paragraph 7 contain Plaintiff's allegations concerning FOIA, which consist of legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

8.      Paragraph 8 consists of legal conclusions to which no response is required.

9.      Paragraph 9 consists of legal conclusions to which no response is required.

**FACTUAL BACKGROUND**

10.     Defendant admits that it received Plaintiff's FOIA request dated June 23, 2020, and states that the request speaks for itself. Any allegations contrary to its plain language and meaning are denied.

11.     Defendant refers to the referenced FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 11.

12.     Defendant refers to the referenced FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 12.

13.     Paragraph 13 describes an e-mail exchange between Plaintiff and Defendant. Defendant refers to that exchange for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 13.

14.     For Paragraph 14, Defendant admits that on June 29, 2020, Defendant sent the Plaintiff's attorney, Winston and Strawn, LLP, a letter acknowledging receipt of Plaintiff's FOIA request dated June 23, 2020. The document speaks for itself and offers the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The remainder of Paragraph 14 describes an e-mail exchange between the Plaintiff and Defendant. Defendant refers to that e-mail exchange for a complete and accurate statement of its contents and denies any allegations inconsistent therewith in Paragraph 14.

15.     The allegations in Paragraph 15 describe documents and actions in an administrative proceeding, which speak for themselves and offer the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Mr. Pereyra informed Schlumberger that an OSHA investigator had recorded his statement. Further, to the extent the allegations describe documents and actions in an administrative proceeding, the documents speak for themselves and offer the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The last sentence in Paragraph 16 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the allegations are denied.

17.     Paragraph 17 contain Plaintiff's characterization of the documents and actions in an administrative proceeding, which speak for themselves and offer the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. Defendant admits to the last sentence in Paragraph 17.

18.     Paragraph 18 describe documents and actions in an administrative proceeding, which speak for themselves, and offer the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. Defendant admits it is in possession of Plaintiff's appeal letter dated August 14, 2020.  The document speaks for itself and offers the best evidence of its contents.

19.     Defendant admits that it sent Defendant a letter dated August 18, 2020 acknowledging receipt of Plaintiff's appeal and assigning reference number 200170. The document speaks for itself and offers the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence in Paragraph 20. Defendant admits it is in possession

of Plaintiff's letter dated September 14, 2020.  The document speaks for itself and offers the best evidence of its contents.

21.    Defendant admits leaving a voicemail message for Plaintiff's attorney. The remaining part of Paragraph 21 describes a September 16, 2020 e-mail from Defendant to Plaintiff. The e-mail speaks for itself and offers the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

22.    The first sentence of Paragraph 22 consists of legal conclusions to which no response is required. Defendant admits that it did not reach a decision with regard to Plaintiff's appeal. The last sentence in Paragraph 22 is also a legal conclusion to which no response is required.

## CAUSES OF ACTION

23.    Defendant re-alleges and incorporates its responses to the foregoing Paragraphs 1 to 22 above.

24.    Paragraph 24 consists of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegation.

25.    Paragraph 25 consists of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegation.

26.    Paragraph 26 consists of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegation.

## <u>Affirmative Defenses</u>

1.  The information sought by Plaintiff is exempt from release in full under one or more exemptions of the Freedom of Information Act, 5 U.S.C. § 552, as amended.

2.  Certain information sought by Plaintiff is subject to governmental privileges, including the "informer's privilege."

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Defendant has properly withheld exempt information pursuant to the exemptions provided in the FOIA at 5 U.S.C. § 552(b).

WHEREFORE, Defendant respectfully requests that this Court enter judgment for Defendant, with parties to bear their own costs and attorney's fees.

DATED: October 26, 2020

Respectfully Submitted,

*s/Jimmy A. Rodriguez*
JIMMY A. RODRIGUEZ
Assistant United States Attorney
Southern District of Texas
Attorney in Charge
Texas Bar No. 24037378
Federal ID No. 572175
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303

## CERTIFICATE OF SERVICE

I certify that on October 26, 2020, a true and correct copy of the foregoing was filed with the United States District Clerk for the Southern District of Texas and electronically served on all counsel of record via the District's ECF system.

*s/ Jimmy A. Rodriguez*
JIMMY A. RODRIGUEZ
Assistant United States Attorney
